IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. STATEN**,

**Plaintiff,**

**v.**

**CASINO QUEEN,**

**Defendant.**                                              No. 11-275-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Staten's motion for leave to proceed in forma pauperis (Doc. 2). Based on the following, the Court denies the motion for leave to proceed in forma pauperis and dismisses with prejudice Staten's case.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing pro se complaints and in forma pauperis motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint (those

filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

District Courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Thus, the Court should "view the pro se complaint with an understanding eye" and "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than order their dismissal on technical grounds." *Id.*

Based on the allegations of the complaint, the Court finds that the action is clearly frivolous, fails to state a cause of action and does not seek a legal remedy. Moreover, even if Staten stated a claim for which relief could be granted, he would lack standing to bring suit. Because Staten obviously has not met the requirements of 28 U.S.C. § 1915(e)(2), the Court dismisses with prejudice this cause of action.

Accordingly, the Court DENIES Staten's motion for leave to proceed in forma pauperis (Doc. 2). The Court DISMISSES with prejudice Staten's cause of action. Further, the Court DIRECTS the Clerk of the Court to enter judgment reflecting the same. The undersigned also notes that he previously dismissed another case (11-cv-0039) filed by Staten as being frivolous, and that he joins with Judge Gilbert in two orders entered today (11-cv-269 & 11-cv-303) in warning Staten

against filing any future frivolous cases. The Court has another of plaintiff's cases under threshold consideration (11-304) that is nonsensical on its face and not likely to pass muster. Continuing to file frivolous lawsuits by this plaintiff will result in sanctions or a general ban against filing any lawsuits.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.18 14:39:46 -05'00'

**Chief Judge
United States District Court**